Barry C. Toone (Bar No. 018664)
Jill S. Goldsmith (Bar No. 011500)
Iman R. Soliman (Bar No. 021333)
**BOWMAN AND BROOKE LLP**
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona 85012-2761
(602) 643-2300
barry.toone@phx.bowmanandbrooke.com
jill.goldsmith@phx.bowmanandbrooke.com
iman.soliman@phx.bowmanandbrooke.com

Attorneys for Defendant Ford Motor Company

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Karen Elliott, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>Ford Motor Company, a Delaware Corporation, TRW Automotive Holdings Corp., a Delaware Corporation; and Autoliv Inc., a foreign corporation,<br><br>    Defendants. | No. CV 2004 0902 PHX SRB<br><br>**DEFENDANT FORD MOTOR COMPANY'S MOTION TO REDUCE DEPOSITION FEE OF DR. RIZZO OR, IN THE ALTERNATIVE, ORDER PLAINTIFF TO PAY $600.00 PER HOUR**<br><br>(Honorable Susan R. Bolton) |

Ford Motor Company ("Ford") respectfully requests the Court to issue an order reducing the deposition fee of Dr. Rizzo from $1,200.00 per hour to a reasonable fee of $450.00 per hour or, in the alternative, order plaintiff to pay $600.00 an hour for Dr. Rizzo's deposition. The attached Memorandum of Points and Authorities supports this motion.

DATED this 3rd day of October, 2006.

                                      BOWMAN AND BROOKE LLP

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp245\PHX-#306703-v1-ELLIOTT__Motion_to_Reduce_Expert_Depo_fees_re_Rizzo.TMP

1

<pre>
                            By: s/ Iman R. Soliman
                            Barry C. Toone
                            Jill S. Goldsmith
                            Iman R. Soliman
                            Suite 1600, Phoenix Plaza
                            2901 North Central Avenue
                            Phoenix, Arizona  85012-2761
                            Attorneys for Defendant
                            Ford Motor Company
</pre>

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

This is a product liability case in which plaintiff alleges that the 1996 Contour's airbag should not have deployed when plaintiff rear ended another vehicle and, as a result of the airbag's deployment, plaintiff claims that she was injured.

Dr. Rizzo examined plaintiff as a result of her alleged injuries. Plaintiff intends to call Dr. Rizzo at trial to testify on causation, specifically, plaintiff states in Plaintiff's Eighth Supplemental Disclosure Statement that:

> Dr. Rizzo is expected to testify about the current condition of Ms. Elliott's nose and related structures that were injured in the subject airbag deployment incident and the treatment that he thinks is reasonably necessary to repair continuing medial issues that are the result of Ms. Elliott's airbag induced nose/facial fractures.

See Plaintiff's Eighth Supplemental Disclosure Statement, attached as Exhibit A.

After numerous attempts to arrange for Dr. Rizzo's deposition, Ford's counsel was forced to send a letter on March 2, 2006, to Dr. Rizzo's office stating that if Dr. Rizzo's office did not contact Ford's counsel's office within five days of receipt of letter in order to schedule Dr. Rizzo's deposition, Ford's counsel will be forced to schedule the deposition at a time convenient for the parties. See Correspondence dated March 2, 2006, attached as Exhibit B. As a result, Dr. Rizzo's office contacted Ford's counsel and scheduled Dr. Rizzo's deposition for April 10, 2006 at 5:30 p.m. See Dr. Rizzo's Notice of Deposition, attached as Exhibit C. Approximately one month prior to Dr. Rizzo's deposition, Ford's counsel was notified that Dr. Rizzo will be charging

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp245\PHX-#306703-v1-ELLIOTT__Motion_to_Reduce_Expert_Depo_fees_re_Rizzo.TMP

2

$1,200.00 per hour for his deposition. See Correspondence dated March 8, 2006, attached as Exhibit D. Subsequently, Ford's counsel contacted plaintiff's counsel and asked if plaintiff would share the cost of Dr. Rizzo's deposition. Plaintiff's counsel indicated that although he intends on calling Dr. Rizzo at trial, plaintiff does not need Dr. Rizzo's deposition. See Correspondence dated March 9, 2006, attached as Exhibit E. Ford's counsel then called Dr. Rizzo's office and spoke with the office supervisor and Dr. Rizzo's wife, Karen Rizzo, regarding Dr. Rizzo's deposition fee. Karen Rizzo indicated that she needed to talk to Dr. Rizzo to find out if he is willing to lower his fee. After speaking with Dr. Rizzo, Karen Rizzo called Ford's counsel and stated that Dr. Rizzo refuses to lower his fee and that if we filed a motion to reduce his fee that he will be agitated at the deposition and "you don't want to agitate him." Moreover, because Karen Rizzo thought Ford's counsel was plaintiff's counsel, she stated that we (plaintiff) will be making money off of this lawsuit, therefore Dr. Rizzo was justified to charge $1,200.00 per hour. However, after Ford's counsel clarified that she in fact represents defendant and not plaintiff, Karen Rizzo agreed to charge $750.00 an hour rather than $1,200.00. After additional negotiations and at Ford's counsel's request that Dr. Rizzo charge $500.00, an agreement was reached that Dr. Rizzo will charge $600.00 per hour. Unfortunately however, Ford was forced to cancel the deposition because plaintiff had not returned the signed medical authorization that was sent on March 7, 2006, to obtain Dr. Rizzo's records in preparation for the deposition. See Correspondence dated March 7, 2006, attached as Exhibit F. Ford's counsel finally received the signed authorization on April 21, 2006, nine days after the scheduled deposition. See Correspondence dated April 19, 2006, attached as Exhibit G.

The deposition was eventually rescheduled for September 8, 2006. However, Ford's counsel was informed that Dr. Rizzo will be charging his fee of $1,200.00 an hour. Ford's counsel again spoke with Karen Rizzo regarding the earlier agreement in an attempt to lower Dr. Rizzo's fee to a reasonable amount however, Karen Rizzo

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp245\PHX-#306703-v1-ELLIOTT__Motion_to_Reduce_Expert_Depo_fees_re_Rizzo.TMP

3

stated that Dr. Rizzo will not lower his fee. As a result, Ford canceled Dr. Rizzo's deposition in order to file this motion.

## II.     LEGAL ARGUMENT

The Federal Rules of Civil Procedure, Rule 26(b)(4)(c), provide that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a *reasonable fee* for time spent in responding to discovery. . . " F.R.C.P. 26(b)(4)(C) (emphasis added). "What constitutes a 'reasonable fee' for purposes of Rule 26(b)(4)(C) lies within the Court's sound discretion." Edin v. The Paul Revere Life Ins. Co., 188 F.R.D. 543, 545 (D. Ariz. 1999).[1] In Edin, a Phoenix orthopedic surgeon charged $800.00 for the first hour of deposition, and $600.00 for the second hour, for a total of $1,400.00. Id. at 544. The Edin Court surveyed a few other cases on this matter:

> Although several jurisdictions have addressed the issue of the reasonableness of an expert's deposition fee, counsel have not provided to the Court, nor has the Court discovered, any Ninth Circuit or District of Arizona decisions on the issue. See Hose v. Chicago & North Western Transp., Co., 154 F.R.D. 222 (D.C. Iowa 1994) (fee of $800.00 per hour charged by neurologist was unreasonable, reduced to $400.00); Dominguez v. Syntex Laboratories, Inc., 149 F.R.D. 166 (D.C. Ind. 1993) (fees of $800.00 and $860 per hour for deposition testimony deemed 'grossly excessive'); Jochims v. Isuzu Motors, Ltd., 141 F.R.D. 493 (D.C. Iowa 1992) (Court refused to direct Plaintiff's expert be compensated at the rate of $500.00 per hour by defense counsel where expert only charged Plaintiff's counsel $250.00); Anthony v. Abbott Laboratories, 106 F.R.D. 461 (D.C. R.I. 1985) (Plaintiff's expert not entitled to a deposition fee of $420 per hour); Bowen v. Monahan, 163 F.R.D. 571 (D.C. Neb. 1995) (disapproving medical toxicology expert's $3000.00 fee to appear at deposition and reducing fee to $1500.00).

Id. at 546.

The district court further noted that:

---

[1] "The courts have deplored the paucity of authority on [this] subject, but have resisted efforts by experts to charge opposing parties unreasonable amounts." Id. at 546 (citation omitted).

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp245\PHX-#306703-v1-ELLIOTT__Motion_to_Reduce_Expert_Depo_fees_re_Rizzo.TMP

4

> The few courts that have discussed the issue, however, have noted the '*continuing escalation of expert witness fees* and the all too frequent attitude of experts that their fees should be set at the maximum-the-traffic-will-bear is of great concern,' Jochims, 141 F.R.D. at 493, and '[i]n the final analysis, the mandate of Rule 26(b)(4)(C) is not that an adverse expert will be paid his heart's desire, but that he will be paid a reasonable fee.' Anthony, 106 F.R.D. at 465.

Id. (internal quotations omitted)(emphasis added).

Courts should consider the following seven factors when determining whether an expert's fee is "reasonable" as required by the statute:

(1)  The witness's area of expertise;

(2)  The education and training required to provide the expert insight which is sought;

(3)  The prevailing rates of other comparably respected available experts;

(4)  The nature, quality, and complexity of the discovery responses provided;

(5)  The fee actually charged to the party who retained the expert;

(6)  Fees traditionally charged by the expert on related matters; and

(7)  Any other factor likely to assist the court in balancing the interests implicated by Rule 26.

Id.

Despite the fact that Dr. Maric, the board-certified orthopedic surgeon in Edin, was "a highly skilled and knowledgeable expert witness," the court concluded that his deposition fees of $800.00 for the first hour and $600.00 for the second hour were unreasonably high. Id. The court noted Dr. Maric's "extortionist practice" of discouraging lawyers from involving him in the discovery process by charging exorbitant rates. Id. Moreover, the court referenced its own "obligation to 'patrol the battlefield to insure fairness' and to eliminate 'extortionist fee setting.'" Id. (citing Anthony, 106 F.R.D. at 465).

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp245\PHX-#306703-v1-ELLIOTT__Motion_to_Reduce_Expert_Depo_fees_re_Rizzo.TMP

5

| | |
|---|---|
| 1 | In this case, Dr. Rizzo is attempting to get his cut of the pie from this lawsuit. He |
| 2 | also claims that he will not be making any money by charging less. However, originally |
| 3 | when Dr. Rizzo's office realized that they were speaking to the defense attorney and not |
| 4 | plaintiff's counsel, Dr. Rizzo agreed to lower his fee to $600.00 but then changed his |
| 5 | mind. It is absurd to request Ford to pay $1,200.00 an hour for Dr. Rizzo's deposition |
| 6 | time. The Court in <u>Edin</u> concluded that Dr. Maric's fees of $800.00 for the first hour and |
| 7 | $600.00 for the second hour were "grossly unreasonable" and set the rate at $450.00 |
| 8 | per hour.[2] Here, Dr. Rizzo wants $1,200.00 an hour for each and every hour. Ford |
| 9 | seeks a similar order in this case setting Dr. Rizzo's rate at $450.00 per hour, or in the |
| 10 | alternative, since plaintiff did not timely provide Ford with the signed medical release |
| 11 | prior to the first scheduled deposition and forcing Ford to cancel the first deposition, |
| 12 | plaintiff should pay the difference between the original agreed upon fee of $600.00 an |
| 13 | hour and the current fee of $1,200.00. |

### III. CONCLUSION

Based on the foregoing, Ford respectfully moves the Court to hold that Dr. Rizzo's fee for deposition is unreasonable pursuant to Fed. R. Civ. P. 26(b)(4)(C) and Arizona case law, and order that Dr. Rizzo charge a reasonable fee of $450.00 per hour for his deposition or, in the alternative, order plaintiff to pay $600.00 an hour for Dr. Rizzo's deposition.

DATED this 3rd day of October, 2006.

BOWMAN AND BROOKE LLP


By: s/ Iman R. Soliman
    Barry C. Toone
    Jill S. Goldsmith
    Iman R. Soliman
    Suite 1600, Phoenix Plaza
    2901 North Central Avenue

---

[2] Since the holding in <u>Edin</u>, other courts have followed the same rationale. <u>See</u>, <u>e.g.</u>, <u>Frederick v. Columbia University</u>, 212 F.R.D. 176 (S.D.N.Y. 2003)(reducing an expert toxicologist's fee of $975.00 per hour to $375.00 per hour).

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp245\PHX-#306703-v1-ELLIOTT__Motion_to_Reduce_Expert_Depo_fees_re_Rizzo.TMP

6

Phoenix, Arizona 85012-2761
Attorneys for Defendant
Ford Motor Company

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp245\PHX-#306703-v1-ELLIOTT__Motion_to_Reduce_Expert_Depo_fees_re_Rizzo.TMP

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of October, 2006 I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

>G. Lynn Shumway
>Law Offices of G. Lynn Shumway
>6909 E. Greenway, Ste. 200
>Scottsdale, Arizona 85254
>Attorneys for Plaintiff

                                                         s/ Kelly Brubaker

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp245\PHX-#306703-v1-ELLIOTT__Motion_to_Reduce_Expert_Depo_fees_re_Rizzo.TMP

8