Barry C. Toone (Bar No. 018664)
Jill S. Goldsmith (Bar No. 011500)
Iman R. Soliman (Bar No. 021333)
**BOWMAN AND BROOKE LLP**
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona  85012-2761
(602) 643-2300
barry.toone@phx.bowmanandbrooke.com
jill.goldsmith@phx.bowmanandbrooke.com
iman.soliman@phx.bowmanandbrooke.com

Attorneys for Defendant Ford Motor Company

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Elliott, an individual, Plaintiff, v. Ford Motor Company, a Delaware Corporation, TRW Automotive Holdings Corp., a Delaware Corporation; and Autoliv Inc., a foreign corporation, Defendants. | No. CV 2004 0902 PHX SRB **FORD MOTOR COMPANY'S CONTROVERTING STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** (Honorable Susan R. Bolton) |

Ford Motor Company ("Ford") hereby controverts Plaintiff's Statement of Facts In Support Of Plaintiff's Response To Motion Ford's motion for summary judgment. In order to avoid redundancy, Ford hereby incorporates Ford's Motion To Strike Portions of Plaintiff's Statements of Facts.

1.      Ford controverts paragraph 2 of Plaintiff's Statement of Facts.  According to plaintiff's emergency medical records, "chief complaint: per pt. 'passed out before accident.'"  See John C. Lincoln Hospital medical records, attached as Exhibit A.  Accordingly, plaintiff's suggestion that she may have blacked out is not accurate.

2. Ford controverts paragraph 7 of Plaintiff's Statement of Facts. Plaintiff has never supplemented Ford's First Set of Interrogatories, Interrogatory No. 11, regarding punitive damages and plaintiff also did not attach any supplemental responses to plaintiff's statement of facts.

3. Ford controverts paragraph 19 of Plaintiff's Statement of Facts. Ford does not use the average accelerations to determine airbag deployment thresholds. Ford uses velocity change (also know as "delta V") and occupant kinematics. Mr. Mahon's methodology is not correct. See Affidavit of D. Bauch, attached as Exhibit B.

4. Ford controverts paragraph 23 of Plaintiff's Statement of Facts. Mr. Mahon has not used the "average g's" method "many times" on the behalf of Ford. Mr. Mahon has not identified a single case anywhere where he used the "average g's" on the behalf of Ford.

5. Ford controverts paragraphs 29 and 30 of Plaintiff's Statement of Facts. Ford added the dwell enhancer to the airbag sensor systems to improve reliability. Even if admissible, the document does not say that the purpose of the dwell enhancer is to save money. Additionally, the document does not say that "[i]n some cars Ford eliminated two of the five sensors by using the dwell enhancer to catch crashes that only go short closures of the crush zone sensors." See Deposition transcript of D. Bauch, pp. 199:24-200.4, attached as Exhibit C, and Exhibit 12 attached to Plaintiff's Statement of Facts.

6. Ford controverts paragraph 32 of Plaintiff's statement of facts. Mr. Corwin's report, page 3, does not state what plaintiff purports it to state. Accordingly, plaintiff's statement of facts is inaccurate.

7. Ford controverts paragraphs 33 and 34 of Plaintiff's Statement of Facts. Dr. Scott opines that plaintiff put herself out of position with her face five inches from the module cover at the time the airbag deployed. Plaintiff would not have received

. . .

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp321\PHX-#311123-v1-ELLIOTT__Ford's_Controverting_SOF_in_Support_of_Its_MSJ.TMP2

| | |
|---|---|
| 1 | ... |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp321\PHX-#311123-v1-ELLIOTT__Ford's_Controverting_SOF_in_Support_of_Its_MSJ.TMP 3 |

1  any significant injuries in this crash had she been properly seated.  See Dr. Scott's
2  Report, pp. 14 and 15, attached as Exhibit D.
3       DATED this 6th day of October, 2006.
4                                 BOWMAN AND BROOKE LLP
5
6                                 By: s/ Iman R. Soliman
                                      Barry C. Toone
7                                     Jill S. Goldsmith
                                      Iman R. Soliman
8                                     Suite 1600, Phoenix Plaza
                                      2901 North Central Avenue
9                                     Phoenix, Arizona  85012-2736
                                      Attorneys for Defendant
10                                    Ford Motor Company

28  C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp321\PHX-#311123-v1-ELLIOTT__Ford's_Controverting_SOF_in_Support_of_Its_MSJ.TMP4

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on the 6th day of October, 2006 I caused the attached |
| 3 | document to be electronically transmitted to the Clerk's Office using the CM/ECF |
| 4 | System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF |
| 5 | registrant: |

G. Lynn Shumway
Law Offices of G. Lynn Shumway
6909 E. Greenway, Ste. 200
Scottsdale, Arizona 85254
Attorneys for Plaintiff

                                                                               s/ Kelly Brubaker

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp321\PHX-#311123-v1-ELLIOTT__Ford's_Controverting_SOF_in_Support_of_Its_MSJ.TMP 5