Barry C. Toone (Bar No. 018664)
Jill S. Goldsmith (Bar No. 011500)
Iman R. Soliman (Bar No. 021333)
**BOWMAN AND BROOKE LLP**
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona  85012-2761
(602) 643-2300
barry.toone@phx.bowmanandbrooke.com
jill.goldsmith@phx.bowmanandbrooke.com
iman.soliman@phx.bowmanandbrooke.com

Attorneys for Defendant Ford Motor Company

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Elliott, an individual, | |
| Plaintiff, | No. CV 2004 0902 PHX SRB |
| v. | **FORD MOTOR COMPANY'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S STATEMENT OF FACTS IN RESPONSE TO FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT** |
| Ford Motor Company, a Delaware Corporation, TRW Automotive Holdings Corp., a Delaware Corporation; and Autoliv Inc., a foreign corporation, | |
| Defendants. | (Honorable Susan R. Bolton) |

Ford Motor Company ("Ford") hereby moves to strike portions of plaintiff's Statement of Facts because:  (1) plaintiff discloses new and untimely opinions in violation of this Court's May 2, 2006 Order; (2) plaintiff's experts' new opinions are contrary to prior testimony and therefore inadmissible; and (3) plaintiff discloses irrelevant information that lacks foundation in plaintiff's Statement of Facts in Support of Plaintiff's Response to Ford's Motion For Summary Judgment.  This motion is supported by the accompanying Memorandum of Points and Authorities.

DATED this 6th day of October, 2006.

BOWMAN AND BROOKE LLP

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp327\PHX-#310297-v1-ELLIOTT__Ford's_Motion_to_Strike_Pf's_SOF_in_response_to_Ford's_MSJ.TMP

1

By: s/ Iman R. Soliman
Barry C. Toone
Jill S. Goldsmith
Iman R. Soliman
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona 85012-2736
Attorneys for Defendant
Ford Motor Company

**MEMORANDUM OF POINT AND AUTHORITIES**

**I.    THE LAW**

Only competent, admissible evidence may be considered by the Court in determining whether summary judgment is appropriate. Fed.R.Civ.P., 56(e); Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1181 (9th Cir. 1998). When inadmissible evidence is placed before the Court in considering a Motion for Summary Judgment, the proper method by which to remedy the problem is a Motion to Strike. Allen v. Scribner, 812, F.2d 426, 435, n. 18 (9th Cir. 1987)(A party must move to strike an affidavit that is defective under F.R.C.P. Rule 56(e)).

**II.   OBJECTIONS TO PLAINTIFF'S STATEMENT OF FACTS**

Plaintiff's Statement of Facts ("SOF") in support of Plaintiff's Response to Ford's Motion for Summary Judgment contains numerous allegations of facts and opinions that are inadmissible and thus should be stricken by the Court. Ford sets forth its objection to various statements contained in Plaintiff's Statement of Facts in Ford's Responses to Plaintiff's Statement of Facts and incorporates each of those Responses herein by reference. Nevertheless, Ford also sets forth below a summary of the objections it previously asserted.

   **A.    Plaintiff's SOF ¶ 4 should be stricken because it relies on Exhibit 1 which contains new and untimely opinions and is misleading and unfairly prejudicial.**

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp327\PHX-#310297-v1-ELLIOTT__Ford's_Motion_to_Strike_Pf's_SOF_in_response_to_Ford's_MSJ.TMP

2

Plaintiff's SOF paragraph 4 and Exhibit 1 should be stricken because they contain new opinions in violation of the Court's rebuttal deadline of August 5, 2006. Exhibit 1 is Geoffrey Mahon's report prepared for another matter <u>Rodriguez v. Ford</u>. This report is not admissible because it contains new opinions disclosed on September 12, 2006, well after the rebuttal deadline. Plaintiff disingenuously claims that "if" Ford's experts are saying that the crash severity of the subject crash is in the "gray zone", this gives rise to this new opinion. This argument is false because Mahon has been aware of Ford's experts' opinions that this crash was in the "gray zone" since July 5, 2006. <u>See</u> Dr. Carter's report, attached as Exhibit A. There is no good cause for failing to submit these new opinions before the rebuttal deadline. Plaintiff is choosing to ignore the Court's deadline and is attempting to backdoor in new opinions that are untimely. Plaintiff's excuse for failing to timely disclose rebuttal opinions is without merit.

First, plaintiff is now raising a new and untimely defect theory regarding the "no fire" threshold that is contrary to Mahon's prior testimony in this matter. <u>Kennedy v. Allied Mut. Ins. Co.</u>, 952 F.2d 262, 266-67 (9th Cir. 1991) (A party cannot create a material issue of fact on a motion for summary judgment by offering an affidavit that contradicts the affiant's prior testimony); <u>Foster v. Arcata Assoc., Inc.</u>, 772 F.2d 1453, 1462 (9th Cir. 1985)(Appellant cannot "create his own issue of fact by an affidavit contradicting his prior deposition testimony".). Mahon is now adding his opinions from the <u>Rodriguez</u> report that the Contour is defective because Ford failed to raise the "no-fire" threshold for airbag deployment and for failing to incorporate a dual threshold airbag crash sensing system. These opinions are contrary to his previous testimony that the only defect is the addition of the dwell enhancer to the airbag system. Mahon testified to the following:

> Q. You're note going to come to court and criticize the fire and no-fire thresholds that are set forth in Ford specifications, correct?
>
> A. That's correct.

See Deposition Transcript of G. Mahon, p. 148:12-16, attached as Exhibit B.

At no time Mahon mentioned his latest theory regarding dual threshold airbag crash sensing system. Indeed, Mahon has a checklist of defects that he expressly considered and rejected in this matter. For example, Mahon acknowledged that he is not critical of: 1) the placement of the sensors; 2) the sensor componentry; 3) the specifications for the "fire and no-fire" thresholds; 4) the sensor calibration; 5) the aggressivity of the airbag or number of sensors. Exhibit B, pp. 111:20-25, 145:3-14, 148:12-16, and 134:11-15. Mahon admits that the sensors in the Contour met Ford's specifications and that there is no evidence of a manufacturing claim. Exhibit B, pp. 95:25-96:5 and 167:25-168:6. Indeed, he admits that the sensors in the subject vehicle passed the tests at the time the vehicle was manufactured and that they would pass the tests today. Exhibit B, p. 96:9-21. Additionally, Mahon will not testify that the airbag deployed late. Exhibit B, p. 135:10-15. He also acknowledges the vehicle passed all of the applicable Federal Motor Vehicle Safety Standards including the airbag standard FMVSS 208. Exhibit B, pp. 151:13-24 and 152:17-23. Therefore, Mahon considered and rejected other defect theories and opined that the only defect here is that the addition of the dwell enhancer to the airbag sensing system in the Contour renders it defective in design because it allowed for an airbag deployment in a crash where the crash severity was below the "no-fire" threshold. Exhibit B, p. 16:7-11. Plaintiff cannot come now and raise a new defect theories in violation of the Court's Order and contrary to Mahon's previous testimony in an attempt to create a material issue of fact.

Second, the Rodriguez report contains alternative designs that are untimely disclosed and more to the point, it does not report any opinions of defect. At Mahon's deposition, however, plaintiff's counsel reaffirmed Mahon's opinions stating that "[w]hat Mr. Mahon's opinion is that this system is defective with a dwell enhancer, getting rid of it is the alternative design that solves this problem . . . and if you're position is that we

haven't met our alternative design report requirements with what he has said, if that's what your experts say, we will do a rebuttal report." Exhibit B, pp. 114:23-115:2. But, plaintiff's experts did not timely rebut any of Ford's experts' opinions. Moreover, the Rodriguez report does not contain rebuttal opinions—just new theories.

Third, Exhibit 1 should be stricken because plaintiff wants to mislead and prejudice the jury by referring to another airbag case involving the same vehicle that allegedly caused injury. Lastly, the report lacks foundation because it is not signed.

The report in Exhibit 1 was relied upon to support the statement found in paragraph 4. The report and the paragraph that relies upon it for support should be stricken for the above stated reasons.

**B. Plaintiff's SOF ¶¶ 8, 11, 24 through 28, and 35 should be stricken because plaintiff is relying on Exhibit 2 which is contrary to Mahon's prior testimony.**

Paragraphs 8, 11, 24 through 28, and 35 should be stricken because they rely on Mahon's September 12, 2006, affidavit that is contrary to his previous sworn testimony. <u>Kennedy v. Allied Mut. Ins. Co.</u>, 952 F.2d 262, 266-67 (9th Cir. 1991) (A party cannot create a material issue of fact on a motion for summary judgment by offering an affidavit that contradicts the affiant's prior testimony); <u>Foster v. Arcata Assoc., Inc.</u>, 772 F.2d 1453, 1462 (9th Cir. 1985)(Appellant cannot "create his own issue of fact by an affidavit contradicting his prior deposition testimony".).

Mahon's September 12, 2006 affidavit suggests that he has opposite opinions to those he testified to at his deposition. Mahon previously testified that he is not critical of Ford's threshold to fire the airbag. He testified to the following:

> Q. You're not going to come to court and criticize the fire and no-fire thresholds that are set forth in Ford specifications, correct?

> A. That's correct.

Exhibit B, p. 148:12-16. Moreover, Mahon's affidavit gives another new and untimely opinion that is also contrary to his previous testimony that the airbag deployment violated Ford's own design. Mahon previously testified to the following:

> Q. You have no opinions that the sensors in the 1996 Ford Contour in Ms. Elliott's vehicle cannot meet Ford's specifications?
>
> A. I replied earlier that I believe they did.

Exhibit B, pp. 95:25-96:5. Moreover, if the airbag deployment violates Ford's specifications, plaintiff would have a manufacturing defect claim which is also contrary to Mahon's prior testimony that there is no manufacturing defect in this case and contrary to plaintiff's theory in this case because plaintiff has stipulated to dismiss plaintiff's manufacturing claim.[1] Exhibit B, pp. 167:25-168:6; See Plaintiff's Response to Ford's Motion For Summary Judgment, p. 1:19-20. Plaintiff's only theory in this case regarding the addition of the dwell enhancer is based on Mahon's unproven, unreliable, and not based on any scientific methodology. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)(Trial judges have the responsibility of acting as gatekeepers to exclude unreliable testimony.).

Paragraph 8 of the affidavit states that the "secondary possibility" for the airbag deployment is the location and calibration of the crush zone sensors. Again, this is contrary to Mahon's prior sworn testimony in which he testified that he is not critical of the placement of the sensors or the sensor calibration. Exhibit B, pp. 111:20-25 and 96:6-21. This untimely opinion that contradicts prior testimony is not admissible.

Paragraphs 2 and 4 of the affidavit should also be stricken because they too contain new opinions (referencing to Mahon's new opinions in Rodriguez v. Ford and new and inadmissible opinions by Mike Shepston) all of which are in violation of this

---

[1] Ford has submitted a form of partial summary judgment on the breach of warranty and manufacturing defect claims.

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp327\PHX-#310297-v1-ELLIOTT__Ford's_Motion_to_Strike_Pf's_SOF_in_response_to_Ford's_MSJ.TMP                    6

Court's May 2, 2006 Order. Moreover, paragraph 5 of the affidavit regarding the airbag system's alleged propensity to deploy should also be stricken because it is a new and untimely disclosed opinion that lacks foundation and is unreliable. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).

Mahon's self-serving affidavit in Exhibit 2 was relied upon to support the statements found in paragraphs 8, 11, 24 through 28. The affidavit and the paragraphs that rely upon it for support should be stricken for the above stated reasons.

**C. Plaintiff's SOF ¶¶ 32 and 35 should be stricken because they are contrary to prior testimony and untimely rebuttal opinions**

Plaintiff's rebuttal opinions in paragraphs 32 and 35 should be stricken because they raise new and untimely defect theory not timely disclosed and are contrary to Mahon's prior testimony. Plaintiff states that Dr. Scott's positioning of Ms. Elliott is more consistent with a "late deployment" of the airbag. Mahon was aware of Dr. Scott's opinions 30 days before the rebuttal deadline and did not rebut any of Dr. Scott's opinions. Moreover, Mahon previously testified to the following:

> Q. As you sit here today, you're not going to come to court and say that the air bag is defective because it deployed late?
>
> A. As I sit here today, that's correct.

Exhibit B, p. 135:10-15. Mahon's testimony is contrary to paragraphs 32 and 35 and therefore inadmissible. <u>Kennedy v. Allied Mut. Ins. Co.</u>, 952 F.2d 262, 266-67 (9th Cir. 1991); <u>Foster v. Arcata Assoc., Inc.</u>, 772 F.2d 1453, 1462 (9th Cir. 1985). Had Mahon changed his mind and decided that this crash is in fact a late deployment case, he should have supplemented his opinions timely. Plaintiff references to page 4 of Mahon's report to support this latest theory of "late deployment." However, page 4 is

nothing more than boilerplate statements that Mahon admits that he cuts and pastes into the majority of his reports. Exhibit B, pp. 153:17-23; 154:15-157:7.

Plaintiff's SOF paragraphs 32 and 35 should be stricken for the above stated reasons.

**D.  Plaintiff's SOF ¶¶ 11 through 20 and 22 through 25 should be stricken because they rely on Mahon's affidavit that should be stricken because it contains new and untimely bases for his opinions and contrary to prior testimony.**

Mahon's August 17, 2006, affidavit contains new bases for his opinions contrary to prior testimony and not timely disclosed in violation of this Court's rebuttal deadline of August 5, 2006. Mahon was deposed on May 17, 2006, at which time he testified to all of his opinions and all of the bases for those opinions. He testified:

> Q.  Have I heard all of your opinions that you're going to give in this case?
>
> A.  I certainly hope so.
>
> Q.  Have I heard all of the bases for opinions in this case, your opinions?
>
> A.  I think so.

Exhibit B, p. 206:6-12. In his August 27, 2006, affidavit however, Mahon added a new basis for his opinion not previously disclosed—the "average gs." Mahon at no time during his deposition mentioned the "average gs" as bases for his opinion that the dwell enhancer caused the airbag to deploy under the circumstances of this accident. Mr. Mahon testified:

> A.  The basis for my opinion that that's why it deployed? Is that the question? I want to understand the question.

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp327\PHX-#310297-v1-ELLIOTT__Ford's_Motion_to_Strike_Pf's_SOF_in_response_to_Ford's_MSJ.TMP

8

| | | |
|---|---|---|
|1| Q. | Sure. What is the basis for your opinion that the reason the air bag deployed under the circumstances of this accident was the addition of the dwell enhancer? |
|2| | |
|3| A. | Okay, fine. The impact was a, first of all, very minor impact, and the velocity change of the vehicle was very low, so that what we had was a localized impact near the right front crush zone sensor which would have been a short, sharp impact, and short, sharp impacts are quite similar to the things that we see in deer hits, for example. And the buildup of the velocity change of the vehicle in such an impact in the passenger compartment occurs much later than the velocity change at the sensor, so while you might, in fact, get the closure of a safing sensor eventually, you don't get it simultaneously with the front discriminating sensor. And this is been demonstrated in numerous 50-mile-an-hour simulated deer impacts performed by General Motors over the years which I have analyzed, and, in fact, is a test that the Ford Motor Company does not run, and therefore, they don't have the data. |

Q. Any other basis for that opinion?

A. Knowledge of how the dwell enhancer works. Of course, it's necessary to understand what we mean by that, not knowledge of how the sensors work. Obviously you need to understand that as well, but I think that was implied in what I said, but in case it wasn't, I'm making sure that's part of it.

Q. Any other basis for your opinion?

A. I think that will do for the moment.

Exhibit B, pp. 43:7-44:25. Mr. Mahon's attempt now to support his opinion of defect with mathematical formulations of "average gs" should be rejected because that is not what he relied upon when testifying under oath regarding his opinion as to why he thinks the airbag deployed in this accident. In fact, the word "average" only appears once in Mr. Mahon's deposition[2] and it has nothing to do with the "average gs" which appears to be a different basis for his opinions of defect. Indeed, there is nothing in Mr. Mahon's

---

[2] At page 133, Mr. Mahon used the word "average" regarding the bias of the magnet over the travel of the ball from rest to contacts. (SSOF ¶ 12).

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp327\PHX-#310297-v1-ELLIOTT__Ford's_Motion_to_Strike_Pf's_SOF_in_response_to_Ford's_MSJ.TMP

9

report regarding "average g" calculations. Accordingly, Mr. Mahon's newly invented basis to assist plaintiff in avoiding summary judgment should be rejected because it was not the bases for his opinions when he rendered his report and testified under oath in this case. This new bases is contrary to his prior testimony because he had previously testified to all of the bases for his opinions and therefore not admissible. Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266-67 (9th Cir. 1991); Foster v. Arcata Assoc., Inc., 772 F.2d 1453, 1462 (9th Cir. 1985).

Mahon's affidavit in Exhibit 10 was relied upon to support the statements found in paragraphs 11 through 20 and 22 through 25. The affidavit and the paragraphs that rely upon it for support should be stricken for the above stated reasons.

**E.   Plaintiff's SOF ¶¶ 8, 26, and 27 and Exhibit 4 should be stricken because it is new and untimely opinions in violation of this Court's Order and contradicts prior testimony.**

Mike Shepston's September 12, 2006, affidavit ("Shepston's Affidavit") should be stricken because it violates this Court's May 2, 2006 Order because it contains new and untimely opinions that are contrary to prior testimony that the removal of the bumper facia did not change his opinions. Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266-67 (9th Cir. 1991); Foster v. Arcata Assoc., Inc., 772 F.2d 1453, 1462 (9th Cir. 1985). Shepston was deposed on June 8, 2006, after the removal of the bumper facia, and testified to the following:

| | |
|---|---|
| Q. | Did you consider anything you observed, measured, or learned at that inspection on June 26th that would affect your final opinions today? |
| Mr. Shumway: | I think you have the wrong date. |
| Ms. Goldsmith: | What date was it? I have May 26th. |
| The Witness: | I absolutely considered it. Nothing changed my opinions. |
| Q. | Okay. So you actual[ly] have considered whatever you |

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp327\PHX-#310297-v1-ELLIOTT__Ford's_Motion_to_Strike_Pf's_SOF_in_response_to_Ford's_MSJ.TMP

10

|   |   |
|---|---|
| 1 | observed or measured or inspected on the 26th which was when the bumper cover was taken off the Elliott vehicle. Correct? |
| 2 | |
| 3 | A.     Yes. |

See Deposition Transcript of Mike Shepston, pp. 12:18-13:7, attached as Exhibit C. Indeed, Shepston tries to sneak in his new and untimely opinions by misleading the court and claiming that his opinions are being modified because of additional damage found on the bumper during the bumper cover removal. See Paragraph 2 of Shepston's Affidavit. Contrary to his affidavit however, Shepston is well aware that the bumper removal occurred long before the rebuttal deadline—it occurred on May 26, 2006, and he had considered it and did not change his opinions.

Paragraph 3 of Shepston's affidavit references Ford's crash tests done by Dr. Carter at Exponent. These crash tests were done on June 27 and 30, 2006, and produced 30 days before the rebuttal deadline. Plaintiffs' expert did not timely rebut the crash tests. The affidavit also references new opinions in regards to Shepston's inspection of Ford's crash test vehicles. Sheptson inspected these vehicles prior to the rebuttal deadline. Indeed, all of Shepston's opinions pertaining to Ford's crash tests and crash vehicles should have been timely disclosed on or before the rebuttal deadline. Moreover, Shepston references to Dr. Carter's deposition testimony and states that his opinions are still not final because he has not had the opportunity to review Dr. Carter's deposition transcript. However, Shepston had Dr. Carter's report since July 5, 2006, yet, Shepston did not rebut any of Dr. Carter's opinions until September 12, 2006, to try to assist plaintiff's counsel to overcome a motion for summary judgment. Plaintiff is simply ignoring this Court's deadlines and intends on disclosing new opinions at plaintiff's will with total disregard to the Court's Orders.

Shepston's affidavit in Exhibit 4 was relied upon to support the statements found in paragraph 8. The affidavit and the paragraph that relies upon it for support should be stricken for the above stated reasons.

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp327\PHX-#310297-v1-ELLIOTT__Ford's_Motion_to_Strike_Pf's_SOF_in_response_to_Ford's_MSJ.TMP

11

**F. Plaintiff's SOF ¶¶ 29 and 30 should be stricken because they are inadmissible hearsay, not properly authenticated, incomplete and irrelevant.**

Plaintiff's Exhibit 12 was relied upon to support the statements found in paragraph 29 and 30. The exhibit and the paragraphs that rely upon it for support should be stricken because: (1) plaintiff has not disclosed a witness who can lay the proper foundation and therefore the document is inadmissible hearsay; (2) the pages are not properly authenticated and irrelevant; and (3) these pages appear to be part of a document and therefore the exhibit is incomplete and misleading. F.R.E. 401; 801, 901; Beyene v. Colman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1998).

**G. Plaintiff's SOF ¶ 38, Exhibit 14 – portions of Dr. Brantman's report from Gaudio v. Ford should be stricken because they are inadmissible hearsay and irrelevant.**

Plaintiff's exhibit 14 appears to be a couple of pages from Dr. Brantman's report from a different case. Dr. Brantman is not a disclosed witness in this matter and his report is inadmissible hearsay. F.R.E. 801, 802. Moreover, the documents do not contain the first and last page and are not signed. The pages attached as exhibits also do not properly lay foundation for expert opinions. These documents, in their attached form, are nothing more than inadmissible hearsay and are not relevant.

These documents were relied upon to support statement of facts in paragraph 38. Therefore, this paragraph should be stricken. F.R.E. 401, 403; 801; See, Beyene v. Colman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1998).

DATED this 6th day of October, 2006.

                        BOWMAN AND BROOKE LLP

                        By: s/ Iman R. Soliman
                             Barry C. Toone
                             Jill S. Goldsmith
                             Iman R. Soliman
                             Suite 1600, Phoenix Plaza
                             2901 North Central Avenue

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp327\PHX-#310297-v1-ELLIOTT__Ford's_Motion_to_Strike_Pf's_SOF_in_response_to_Ford's_MSJ.TMP

12

Phoenix, Arizona 85012-2736
Attorneys for Defendant
Ford Motor Company

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp327\PHX-#310297-v1-ELLIOTT__Ford's_Motion_to_Strike_Pf's_SOF_in_response_to_Ford's_MSJ.TMP

13

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October, 2006 I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

> G. Lynn Shumway
> Law Offices of G. Lynn Shumway
> 6909 E. Greenway, Ste. 200
> Scottsdale, Arizona 85254
> Attorneys for Plaintiff

                                                              s/ Kelly Brubaker

C:\Documents and Settings\kbrubake\Local Settings\Temp\tmp327\PHX-#310297-v1-ELLIOTT__Ford's_Motion_to_Strike_Pf's_SOF_in_response_to_Ford's_MSJ.TMP

14