```
1    Barry C. Toone (Bar No. 018664)
     Jill S. Goldsmith (Bar No. 011500)
2    Iman R. Soliman (Bar No. 021333)
     BOWMAN AND BROOKE LLP
3    Suite 1600, Phoenix Plaza
     2901 North Central Avenue
4    Phoenix, Arizona  85012-2761
     (602) 643-2300
5    barry.toone@phx.bowmanandbrooke.com
     jill.goldsmith@phx.bowmanandbrooke.com
6    iman.soliman@phx.bowmanandbrooke.com
7
     Attorneys for Defendant Ford Motor Company
8
```

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Karen Elliott, an individual, | |
| Plaintiff, | No. CV 2004 0902 PHX SRB |
| v. | **FORD MOTOR COMPANY'S MOTION TO STRIKE PLAINTIFF'S EXPERT'S, MIKE SHEPSTON'S, REBUTTAL OPINIONS AND REPORT DATED SEPTEMBER 28, 2006** |
| Ford Motor Company, a Delaware Corporation, TRW Automotive Holdings Corp., a Delaware Corporation; and Autoliv Inc., a foreign corporation, | |
| Defendants. | (Honorable Susan R. Bolton) |

Ford Motor Company ("Ford") hereby moves to strike Plaintiff's Expert's, Michael Shepston's, September 28, 2006 rebuttal opinions and report because:

(1) plaintiff has no good cause for ignoring this Court's order by failing to timely disclose rebuttal opinions from plaintiff's accident reconstruction expert; and

(2) Mike Shepston's rebuttal report was untimely produced almost two months after the rebuttal deadline of August 5, 2006.

This motion is supported by the accompanying Memorandum of Points and Authorities.

DATED this 26th day of October, 2006.

BOWMAN AND BROOKE LLP

By: s/ Iman R. Soliman
Barry C. Toone
Jill S. Goldsmith
Iman R. Soliman
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona  85012-2736
Attorneys for Defendant
Ford Motor Company

**MEMORANDUM OF POINT AND AUTHORITIES**

**I.  FACTUAL BACKGROUND**

On April 28, 2006, the parties filed a stipulation with the Court requesting an extension of Ford's experts' reports' deadline to July 5, 2006 and extending the rebuttal deadline to August 5, 2006. The parties also agreed to extend the discovery deadline to September 28, 2006. Ford disclosed its experts and produced their reports timely on July 5, 2006. Ford's experts, specifically Dr. Carter, indicated in his report that he relied, in part, on Ford's crash tests conducted by Dr. Carter on June 26 and 30, 2006. The crash tests reports were produced to plaintiff on July 18, 2006. Plaintiff did not produce any rebuttal opinions or experts on or before the rebuttal deadline of August 5, 2006. Three minutes before midnight on September 28, 2006, plaintiff's counsel sent, via email, Mike Shepston's rebuttal report. Mike Shepston's rebuttal opinions and report are untimely and contrary to prior testimony and should be stricken.

**II.  MIKE SHEPSTON'S REBUTTAL OPINIONS AND REPORT SHOULD BE STRICKEN BECAUSE THEY ARE UNTIMELY IN VIOLATION OF THE COURT'S ORDER**

Mike Shepston's rebuttal opinions and report should be stricken because there is no good reason for the late disclosure. Mike Shepston's rebuttal report indicates that the purpose of his supplement report is to respond to Ford's expert's report, Dr. Carter, produced to plaintiff one month before the rebuttal deadline of August 5, 2006. Indeed, the first line of Mike Shepston's rebuttal report states that

"[t]he following is a supplement to my report and is responsive to Jarrod Carter's report." See M. Shepston's supplemental report, attached as Exhibit A. M. Shepston's new opinions and rebuttal report were produced almost two months after the rebuttal deadline. Mike Shepston was aware of Dr. Carter's opinions on July 5, 2006, and there is no good cause for not timely disclosing new opinions to rebut Dr. Carter's report. Indeed, Mike Shepston had all of Ford's experts' reports and Ford's crash tests reports and videos before the rebuttal deadline. Plaintiff disregarded this Court's deadlines and without the Court's permission filed a M. Shepston's report rebuttal report on September 28, 2006.

### III. MIKE SHEPSTON'S AFFIDAVIT SHOULD BE STRICKEN BECAUSE IT IS CONTRARY TO PRIOR TESTIMONY AND IS UNTIMELY

Mike Shepston's rebuttal report incorporates by reference his affidavit ("Shepston's affidavit") dated September 12, 2006. This affidavit was prepared in response to Ford's motion for summary judgment. Ford moved to strike the affidavit in its motion to strike portions of plaintiff's statement of facts. Shepston's Affidavit should be stricken because it contains new and untimely opinions and is contrary to M. Shepston's prior testimony. Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266-67 (9th Cir. 1991); Foster v. Arcata Assoc., Inc., 772 F.2d 1453, 1462 (9th Cir. 1985). M. Shepston's affidavit states that it was prepared because of new information obtained from the removal of the bumper facia, this in fact is not true because Mike Shepston had already removed the bumper facia before his deposition and testified to the following on June 8, 2006:

| | |
|---|---|
| Q. | Did you consider anything you observed, measured, or learned at that inspection on June 26th that would affect your final opinions today? |
| Mr. Shumway: | I think you have the wrong date. |
| Ms. Goldsmith: | What date was it? I have May 26th. |
| The Witness: | I absolutely considered it. Nothing changed my opinions. |

| | | |
|---|---|---|
| 1 | Q. | Okay. So you actual[ly] have considered whatever you observed or measured or inspected on the 26th which was when the bumper cover was taken off the Elliott vehicle. Correct? |
| 2 | | |
| 3 | | |
| 4 | A. | Yes. |

See Deposition Transcript of Mike Shepston, pp. 12:18-13:7, attached as Exhibit B. Contrary to his affidavit however, M. Shepston is well aware that the bumper removal occurred long before the rebuttal deadline, it occurred on May 26, 2006, and he had considered it and did not change his opinions. M. Shepston's affidavit also references Ford's crash tests that were done on June 27 and 30, 2006, and produced before the rebuttal deadline. M. Shepston did not timely rebut Ford's crash tests timely either. The affidavit also references new opinions in regards to M. Shepston's inspection of Ford's crash test vehicles. M. Shepston inspected these vehicles on August 2, 2006, prior to the rebuttal deadline.

Indeed, all of M. Shepston's rebuttal opinions in his supplement report should have been timely disclosed on or before the rebuttal deadline. Moreover, M. Shepston references to Dr. Carter's deposition testimony and states that his opinions are still not final because he has not had the opportunity to review Dr. Carter's deposition transcript. However, M. Shepston had Dr. Carter's report since July 5, 2006; yet, M. Shepston did not rebut any of Dr. Carter's opinions until his affidavit of September 12, 2006, to try to assist plaintiff's counsel to overcome a motion for summary judgment. Plaintiff is ignoring this Court's deadlines and intends on disclosing new opinions at plaintiff's will with total disregard to the Court's Orders and without obtaining this Court's permission.[1]

. . .

. . .

. . .

---

[1] At the hearing regarding Ford's motion for summary judgment and Ford's motion to exclude G. Mahon, on October 16, 2006, the Court ordered plaintiff to file a motion to request permission to supplement expert reports on or by October 27, 2006.

1 | DATED this 26th day of October, 2006.

BOWMAN AND BROOKE LLP

By: s/ Iman R. Soliman
Barry C. Toone
Jill S. Goldsmith
Iman R. Soliman
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona  85012-2736
Attorneys for Defendant
Ford Motor Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2006 I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

> G. Lynn Shumway
> Law Offices of G. Lynn Shumway
> 6909 E. Greenway, Ste. 200
> Scottsdale, Arizona 85254
> Attorneys for Plaintiff

                                            s/ Kelly Brubaker